IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DOUGLAS RAY R.,**[1]                                       3:20-cv-01080-BR

       **Plaintiff,**                                 **OPINION AND ORDER**

**v.**

**COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,**

       **Defendant.**

**KEVIN KERR**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

       Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**ALEXIS L. TOMA**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2950

      Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Douglas Ray R. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on January 19, 2017,[1]

---

[1] Plaintiff states in his Opening Brief that he filed his application for DIB on October 30, 2017. Plaintiff's DIB application in the record, however, reflects a filing date of January 19, 2017. Tr. 219. In addition, the ALJ noted January 19, 2017, as Plaintiff's filing date in his decision. Tr. 15. The Court, therefore, uses January 19, 2017, in this Opinion and Order as Plaintiff's DIB application date.

2 - OPINION AND ORDER

alleging a disability onset date of September 30, 2016. Tr. 219-23.[2] The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on April 11, 2019. Tr. 71-103. Plaintiff was represented at the hearing. Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on May 6, 2019, in which he found Plaintiff is not disabled, and, therefore, Plaintiff is not entitled to benefits. Tr. 15-26. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on April 30, 2020, when the Appeals Council denied Plaintiff's request for review. Tr. 1-6. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on July 26, 1966, and was 52 years old at the time of the hearing. Tr. 221. Plaintiff has a high-school education. Tr. 76. Plaintiff has past relevant work experience as a chauffeur and airline-security representative. Tr. 24.

Plaintiff alleges disability due to "12 major surgeries, [gastroesophageal reflux disease] GERD, Barrett Esophagus," chronic back and neck pain, "nerve pain in leg," and high blood

---

[2] Citations to the official transcript of record filed by the Commissioner on December 28, 2020, are referred to as "Tr."

3 - OPINION AND ORDER

pressure. Tr. 258.

Except when noted Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 21-23.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is

"relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the

5 - OPINION AND ORDER

meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R.

6 - OPINION AND ORDER

§ 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff did not engage in substantial gainful activity after his September 30, 2016, alleged onset date. Tr. 18.

At Step Two the ALJ found Plaintiff has the severe impairments of "cervical and lumbar spine degenerative disc disease, status-post surgeries; history of upper extremity fracture, status post surgery with hardware placement and removal; [and] Barrett's esophagus disorder." Tr. 18. The ALJ found Plaintiff's hypertension, obstructive sleep apnea, GERD, depressive disorder, and post-traumatic stress disorder are nonsevere. Tr. 18.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 19. The ALJ found Plaintiff has the RFC to perform light work except he can

> never climb ladders, ropes, and scaffolds, and can perform all other postural activities occasionally. Further, the claimant can frequently handle with the right wrist. He should avoid concentrated exposure to vibration, extreme cold, as well as, heights, hazards, and heavy equipment.

Tr. 19.

At Step Four the ALJ found Plaintiff can perform his past

8 - OPINION AND ORDER

relevant work as a chauffeur and airline-security representative. Tr. 24.

In the alternative, the ALJ found at Step Five that Plaintiff can perform other work that exists in significant numbers in the national economy. Tr. 25. Accordingly, the ALJ concluded Plaintiff is not disabled.

## **DISCUSSION**

Plaintiff contends the ALJ erred when he partially rejected the opinion of Howard Grattan, M.D., treating physician.

## I.  Standards

An ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002).  When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1996).

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial

evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

**II. Analysis**

On March 19, 2019, Dr. Grattan completed a questionnaire in which he noted he had treated Plaintiff since September 6, 2018; that Plaintiff's medical conditions include cervical radiopathy, cervical fusion, and seven back surgeries; and that Plaintiff's "primary symptom" is pain.  Tr. 1028.  The questionnaire included a Physical Residual Functional Capacity Assessment in which Dr. Grattan stated Plaintiff can lift and/or carry up to 10 pounds occasionally and less than 10 pounds frequently, can stand and/or walk for 20 minutes at one time, can stand and/or walk for less than two hours total in an eight-hour workday, can sit for 10 minutes at a time, and can sit for six hours total in an eight-hour workday.  Dr. Grattan also stated Plaintiff can frequently balance, handle, finger, and feel; can occasionally stoop or bend, kneel, reach overhead, and reach to shoulder

height; and can never climb, crouch, or crawl.  Dr. Grattan noted he expected Plaintiff "to miss 16 hours . . . or more per month from even a simple, routine job because of his impairments, symptoms, or medications" due to Plaintiff's "pain flares." Tr. 1030.  Dr. Grattan declined to "estimate the percentage of a standard workweek . . . that [Plaintiff's] attention and concentration would be impaired to such a degree that he could not be expected to perform even simple work tasks" because that issue was "not tested."  Tr. 1030.

   The ALJ gave Dr. Grattan's opinion "little weight" on the grounds that Dr. Grattan "provided little to no explanation of such severity" and Dr. Grattan's opinion was contradicted by the medical record.  Specifically, the ALJ noted the record reflects Plaintiff suffered a lower-back strain on January 23, 2017, when he was "lifting boxes weighing 75 lbs repetitively."  Tr. 1211. At that time Plaintiff reported he was working 40 hours per week. Margot Bolstad, D.O., treating physician, prescribed hydrocodone-acetominophen, referred Plaintiff to physical therapy, and placed Plaintiff on modified work activity.  Tr. 1214.  On January 27, 2017, Plaintiff was released to modified work that permitted him to work his entire shift, to lift up to 40 pounds frequently and up to 50 pounds occasionally, to push and to pull up to 50 pounds frequently and 75 pounds occasionally, to bend occasionally, and to stand and to walk frequently.  Plaintiff was directed to

11 - OPINION AND ORDER

"change positions periodically to relieve discomfort." Tr. 1225. On February 7, 2017, Ryan Stallings, M.D., treating physician, released Plaintiff to work and limited him to lifting, pushing, and pulling up to 20 pounds constantly and "not bending more than 3 times an hour." Tr. 1230. Examining physicians Larry Drumm, D.O., and Gordon Arnott, M.D., and treating nurse practitioner Sara Kauffman, N.P., continued Plaintiff's release to work with those limitations between February 2017 and May 2017. *See, e.g.,* Tr. 1235, 1239, 1242, 1249. In addition, on March 13, 2017, Thomas Rosenbaum, M.D., examining neurosurgeon, stated Plaintiff was capable of "sedentary to light work" with a "20-pound lifting limit" and "non-repetitive postural changes." Tr. 1253. On August 3, 2017, Bradely Bergquist, M.D., examining neurosurgeon, noted "on the basis of objective findings [Plaintiff] may work without restrictions[; however,][g]iven his history . . . as well as his age, it would be appropriate to [limit Plaintiff] to work in the light category . . . but there is nothing objective that *requires* this." Tr. 1270 (emphasis in original). In August 2018 Plaintiff underwent an L3-4 laminectomy and fusion with removal of existing hardware. After Plaintiff recovered from his laminectomy and fusion the record consistently reflects Plaintiff "ambulate[d] freely around the room, transfer[red] to and from the table without difficulties," had normal range of motion in all extremities, and had 5/5 strength in all extremities. *See,*

12 - OPINION AND ORDER

*e.g.,* Tr. 733, 740, 747, 754-55. In addition, on January 15, 2019, Larnie Chaco, PA-C, treating physician's assistant, noted Plaintiff was traveling to Hawaii.

On this record the Court concludes the ALJ did not err when he gave little weight to Dr. Grattan's opinion because the ALJ provided clear and convincing reasons for doing so based on substantial evidence in the record.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 22nd day of June, 2021.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge